# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **SHERI L. HETRICK,** ) | **CASE NO. 4:05CV3098** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **GRAND ISLAND VETERANS HOME,** ) | |
| **and STATE OF NEBRASKA** ) | |
| **DEPARTMENT OF VETERANS AFFAIRS,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the Court on the Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (Filing No. 8). The Plaintiff has not responded to the Motion.

In her Complaint, the Plaintiff, Sheri L. Hetrick ("Hetrick"), alleges that she was forced to resign her position as a laundry worker at the Grand Island Veterans Home, a "part of the State of Nebraska Department of Veterans Affairs which is a State agency in the State of Nebraska." (Complaint, Filing No. 1, ¶¶ 7, 10). Hetrick states that she suffers from migraine headaches, and alleges that her resignation was the result of "discriminatory and retaliatory" actions. (*Id.* ¶¶ 6, 9-10). The broadly-worded Complaint seeks "injunctive and monetary relief" under the Americans with Disabilities Act, 42 U.S.C. §12111, *et seq.* ("ADA"); the Nebraska Workers' Compensation Act, Neb. Rev. Stat. §48-101 *et seq.*; and Nebraska's public policy exception to its at-will employment doctrine. (*Id.* ¶1).

The Defendants moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1), based on the state's immunity from suit in federal court pursuant to the Eleventh Amendment to the United States Constitution, and because the Court's supplemental jurisdiction over the state law claims cannot survive dismissal of the federal claim.

The ADA did not abrogate states' sovereign immunity, and the Eleventh Amendment does bar plaintiffs from suing state defendants in federal court for violations of the ADA. *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 374 (2001).[1] Because this Court has never had subject matter jurisdiction over the Plaintiff's federal claims against the state-agency defendants, the Court may not exercise supplemental jurisdiction over the Plaintiff's state law claims. *Kuhn v. National Ass'n of Letter Carriers, Branch 5*, 570 F.2d 757, 759-60 (8th Cir. 1978).

IT IS ORDERED:

1. The Defendants' Motion to Dismiss (Filing No. 8) is granted;

2. The Plaintiff's Complaint is dismissed, without prejudice.

DATED this 5th day of August, 2005.

> BY THE COURT
>
> s/Laurie Smith Camp
> United States District Judge

---

[1] As the Supreme Court said in *Garrett*, persons with disabilities do have recourse against discrimination:
> Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). In addition, state laws protecting the rights of persons with disabilities in employment and other aspects of life provide independent avenues of redress.

*Garrett*, 531 U.S. at 374 n.9.